EVAN S. COHEN, SBN 119601
COHEN MUSIC LAW
esc@manifesto.com
1180 South Beverly Drive. Suite 510
Los Angeles, CA 90035-1157
(310) 556-9800

BYRNES HIRSCH P.C.
Bridget B. Hirsch, SBN 257015
bridget@byrneshirsch.com
2272 Colorado Blvd., #1152
Los Angeles, CA 90041
(323) 387-3413

Attorneys for Plaintiff FLO & EDDIE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| FLO & EDDIE, INC., a California corporation,<br><br>         Plaintiff,<br><br>v.<br><br>SONY MUSIC ENTERTAINMENT, a Delaware corporation,<br><br>         Defendant. | Case No.: 2:21-cv-01174<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND FOR AN ACCOUNTING**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR BREACH OF CONTRACT AND FOR AN ACCOUNTING

- 1 -

Plaintiff Flo & Eddie, Inc. alleges as follows:

## JURISDICTION

1. This court has subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, that is, plaintiff is a California corporation with its principal place of business in Franklin, Tennessee, defendant is a Delaware corporation with its principal place of business in New York, New York, and the amount in controversy exceeds $75,000.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because defendant is subject to personal jurisdiction in this district, in that defendant has a branch office in Culver City, California, within this district.

## PARTIES

3. Plaintiff FLO & EDDIE, INC. ("FEI") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Franklin, Tennessee. Plaintiff is the owner of all of the original 1960s sound recordings of the musical group The Turtles.

4. Defendant SONY MUSIC ENTETRTAINMENT ("Sony" or "defendant") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Sony is a record label, as well as a global music conglomerate, and releases music under the Columbia, RCA, Epic, and Arista imprints, among many others.

## FACTS COMMON TO ALL CLAIMS

5. FEI is the owner of all right, title, and interest in and to all of the original 1960s sound recordings of The Turtles. The principals of Flo & Eddie, Mark Volman

1  and Howard Kaylan, have been performing together as The Turtles since 1965 and
2  have recorded numerous iconic hits including "Happy Together," "It Ain't Me
3  Babe," "She'd Rather Be With Me," "You Baby," "She's My Girl," "Elenore," and
4  many others. Since 1971, Flo & Eddie has owned the entire catalog of 100 original
5  master recordings by The Turtles, all of which were recorded prior to February 15,
6  1972.

7    6.   In 1968, The Turtles recorded the musical composition entitled
8  "Buzzsaw" and released that recording ("Buzzsaw") on the album entitled *The
9  Turtles Present the Battle of the Bands*.

10   7.   In April 1990, attorneys for the record label Zomba Recording
11 Corporation ("Zomba") approached the attorneys for FEI and requested that FEI
12 enter into a license agreement for "sampling" of Buzzsaw in a new work recorded by
13 the recording artist Derrick Jones, who publicly performs as "D-Nice," entitled "Call
14 Me D-Nice" (the "D-Nice Recording"). The use of Buzzsaw in the D-Nice Recording
15 is extremely prominent and used throughout the D-Nice Recording.

16   8.   On or about April 19, 1990, the parties entered into a two-page, written
17 agreement (the "Agreement"), which set forth, in the first paragraph, the royalties
18 which were to be paid by Zomba to FEI for the use of Buzzsaw on physical
19 phonorecords. A true and correct copy of the Agreement is attached hereto as
20 "Exhibit 1."

21   9.   A material part of the Agreement was the second full paragraph on page
22 two, which addressed the issue of the use of Buzzsaw in the D-Nice Recording in
23 audio-visual works that were for "other than promotional purposes," that is, that were
24 not promotional music videos for D-Nice. The Agreement specified that with regard
25 the use of the D-Nice Recording that were to be "commercially exploited in audio-
26 visual devices," *e.g.* film and television productions, and commercials, "the parties
27 agree to negotiate a fee therefor in good faith."

28   10.  Sometime shortly thereafter, Zomba (via its affiliated company Jive

Records) released the D-Nice Recording as a single (which included several "re-mixes" and an instrumental version, all of which included Buzzsaw prominently), and it achieved considerable success, reaching "No. 1" on Billboard's *Hot Rap Songs* chart. Shortly thereafter, in July 1990, Jive Records released a full album by D-Nice, entitled *Call Me D-Nice*. Jive Records released the foregoing recordings in the United States and various other countries, via affiliated companies and licensees.

11.   FEI is informed and believes and thereon alleges that in or about 2011, defendant succeeded to all of the right, title and interest of Zomba (and Jive Records) in and to the D-Nice Recording, and, with it, all of the terms, conditions, and obligations of the Agreement, and all duties owed to FEI therein.

12.   Sometime in 2020, Sony entered into an agreement with the Ford Motor Company in which Sony licensed the use of the D-Nice Recording in a commercial advertisement (which also included D-Nice), an audio-visual work, for Ford's F-150 truck (which is the best-selling vehicle in the United States, in addition to being the best-selling pickup truck in the United States) called "Work It Out" (the "Commercial") which FEI believes has been shown extensively on television throughout the United States, and has also been used extensively in digital and internet advertising. Ford released the commercial to the general public on or about January 12, 2021. According to a press release by Ford, "The F-150 campaign includes digital and social activations and can be heard on select podcasts. Social extensions bring to life an intersection of stories showcasing a male artist and female caterer who use their F-150 trucks to come together with D-Nice to celebrate a momentous occasion with the hip-hop classic 'Call Me D-Nice' serving as the soundtrack."

# FIRST CLAIM FOR RELIEF FOR
# BREACH OF CONTRACT – FAILURE TO NEGOTIATE A FEE

13.   FEI realleges paragraphs 1 through 12, inclusive, as if fully set forth.

1   14.     Although defendant Sony entered into negotiations with Ford (or Ford's agents and/or advertising agency) for the use of the D-Nice Recording in the Commercial, Sony failed to negotiate with FEI in any manner whatsoever as to the fee for the Commercial, as specified in the Agreement, and failed to even inform FEI that a major commercial involving Ford's F-150 truck was "in the works." Sony has never contacted FEI about the Commercial whatsoever.

15.     The negotiation of the fee for the Commercial, as between Sony and FEI, was and is a condition precedent to Sony's right and/or power to grant a license involving the use of the D-Nice Recording to Ford for the Commercial, and Sony's failure to do so renders the license from Sony to Ford invalid. The sound recording of Buzzsaw is, pursuant the Music Modernization Act, protected by federal law, 17 U.S.C. § 1401(a)(1), as of late 2018.

16.     By failing and refusing to negotiate with FEI with regard to the fee for the Ford license for the Commercial, Sony has breached the Agreement.

17.     FEI has performed all conditions, covenants, and promises required under the Agreement.

18.     As a proximate result of the breach of the Agreement by Sony, FEI has been damaged in an amount to be determined at trial, but which exceeds $100,000.

19.     FEI reserves the right to amend this complaint after full discovery has been completed to supplement this claim with additional facts disclosed by Sony therein.

## SECOND CLAIM FOR RELIEF
## FOR BREACH OF CONTRACT – FAILURE TO ACCOUNT AND PAY

20.     FEI realleges paragraphs 1 through 12, and 14 through 19, inclusive, as if fully set forth.

21.     In addition to the failure of Sony to negotiate with FEI regarding the fee for the Ford Commercial, as set forth in the First Claim for Relief, Sony has also

1  failed to account to FEI, or make any royalty payments to FEI, as is required by an
2  obligation and covenant set forth in the first paragraph of the Agreement. In fact,
3  Sony has never accounted to, or paid any royalties to FEI for any use of the D-Nice
4  Recording, in any manner (including uses on physical phonorecords or via digital
5  exploitation) at any time since Sony succeeded to the rights of Zomba in or about
6  2011. Sony released a compact disc of the album *Call Me D-Nice* in 2011, for which
7  it has never accounted to FEI. And, with regard to digital exploitation, Sony has failed
8  to account to FEI, at any time since 2011, for the digital exploitation of the D-Nice
9  Recording on all major digital platforms, such as Spotify, Apple Music (or the iTunes
10 Store, as it was formerly known), Google, and Pandora.

11    22.   The failure of Sony to account to FEI, and to pay royalties to FEI for the
12 exploitation of the D-Nice Recording for phonorecord use and for digital exploitation
13 (including "streaming"), is a breach of the Agreement.

14    23.   As a proximate result of the breach of the Agreement by Sony, FEI has
15 been damaged in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**FOR AN ACCOUNTING**

19    24.   FEI realleges paragraphs 1 through 12, 14 through 19, and 21 and 23,
20 inclusive, as if fully set forth.

21    25.   Although the total amount due to FEI exceeds $100,000, Plaintiff is
22 unaware of the *exact* amount due from Sony to FEI on account of the exploitation
23 described herein, or of the exact amounts received by Sony from the Commercial or
24 from the exploitation of the D-Nice Recording by Sony and its worldwide
25 distribution agents, for both physical phonorecords or digital uses, since 2011.

26    26.   The information necessary to ascertain those amounts, and the
27 computations necessary to be performed on that financial information so that the
28 amount due and owing to FEI may be ascertained, is complicated and complex, and

the necessary information is strictly within Sony's control.

27. Accordingly, FEI seeks an accounting of those amounts from Sony.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Flo & Eddie, Inc. prays for judgment as follows:

1. On the First Claim for Relief, for damages according to proof;
2. On the Second Claim for Relief, for damages according to proof;
3. On the Third Claim for Relief, for an accounting;
4. For costs of suit incurred;
5. For such other and further relief as the court should deem just and proper.

Dated: February 9, 2021            COHEN MUSIC LAW

                                   By:   /s/ Evan S. Cohen
                                         Evan S. Cohen

                                         Attorneys for Plaintiff
                                         FLO & EDDIE, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: February 9, 2021  COHEN MUSIC LAW

By: /s/ Evan S. Cohen
Evan S. Cohen, Esq.
COHEN MUSIC LAW
Attorneys for Plaintiff FLO & EDDIE, INC.